# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH R. PHILLIPS,

        Petitioner,                         Case Number: 2:10-CV-12475

v.                                            HON. LAWRENCE P. ZATKOFF

C. ZYCH,

        Respondent.

_____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Kenneth R. Phillips is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the time he spent in a community treatment center while awaiting trial should be credited toward his sentence. The Court finds that the petition fails to state a claim upon which relief may be granted and summarily dismisses the petition.

### I.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241.

*See* Rule 1(b), Rules Governing Section 2254 Cases.

**B.**

Petitioner is in federal custody pursuant to a 2006 conviction for conspiracy to manufacture and distribute methamphetamine imposed by the United States District Court for the Southern District of Illinois. He is serving an 84-month sentence. In his petition, Petitioner states that while released on bail awaiting trial, he was ordered to reside in a community treatment center ("CTC"). He resided in the CTC for 165 days. According to Petitioner, he did not receive credit toward his sentence for the time spent at the CTC. Petitioner argues that this violates the Equal Protection Clause because a prisoner who spends time postsentence in a CTC receives credit for time served at the same facility.

Generally, 18 U.S.C. § 3585(b) provides that a defendant may receive credit toward service of a sentence of imprisonment for any time spent in "official detention prior to the date the sentence commences. . . ." In *Reno v. Koray*, 515 U.S. 50, 65 (1995), the Supreme Court held that the time spent by a federal prisoner at a community treatment center while "released" on bail pursuant to the Bail Reform Act was not "official detention" within the meaning of § 3585(b), so as to entitle the prisoner to sentencing credit for the time spent in the community treatment center. A federal prisoner is entitled to sentencing credit only for time spent under control of the Bureau of Prisons ("BOP") or the Attorney General pursuant to a court detention order. *Id.* at 56. The Supreme Court held that it would be inappropriate to give a federal prisoner credit for time served in a community treatment center even though restrictions were placed upon the prisoner's liberty as a condition of his release on bail. The Court reasoned that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is

'released.'" *Id.* at 57.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Because neither a suspect classification nor a fundamental right is involved, the BOP's decision is reviewed under the rational basis test. *Id.* at 440-42. To prevail, Petitioner must demonstrate both that he is similarly situated to post-sentence community treatment center residents who receive credit for time spent at the CTC, and, if so, that there is no rational basis for withholding credit from pre-sentence residents, while granting it to postsentence residents. *Id.*

There exists a genuine legal distinction between postsentence residents who receive credit for time spent in CTCs and presentence residents who do not. The Supreme Court explained:

> Unlike defendants "released" on bail, defendants who are "detained" or "sentenced" always remain subject to the control of the [BOP]. This is an important distinction, as the identity of the custodian has both legal and practical significance. A defendant who is "released" is not in BOP's custody, and he cannot be summarily reassigned to a different place of confinement unless a judicial officer revokes his release, *see* 18 U.S.C. § 3148(b), or modifies the conditions of his release, *see* § 3142(c)(3). A defendant who is "detained," however, is completely subject to BOP's control. And "[t]hat single factor encompasses a wide variety of restrictions." "Detained" defendants are subject to BOP's disciplinary procedures; they are subject to summary reassignment to any other penal or correctional facility within the system, and, being in the legal custody of BOP, the Bureau has full discretion to control many conditions of their confinement.

*Reno*, 515 U.S. at 63 (quoting *Randall v. Whelan*, 938 F.2d 522, 525 (4th Cir.1991) (citations omitted)).

The Eleventh Circuit Court of Appeals rejected a similar claim, holding that the presentence individuals and postsentence individuals were not similarly situated and, therefore, finding no equal

3

protection violation:

> [I]t is not the type of detention, but the respective difference in legal status that is dispositive. The consequent divergent sentence credit treatment results directly from the different legal status occupied by pretrial, presentence defendants and postsentence convicts. Therefore, the BOP does not violate equal protection in according sentence credit to postsentence convicts, but not to pretrial or presentence defendants.

*Dawson v. Scott*, 50 F.3d 884, 895 (11th Cir. 1995).

Because Petitioner is not similarly situated to the individuals who do receive sentencing credit for residence in CTCs, the Court need not address whether there exists a rational reason for the disparity. Thus, Petitioner has failed to show an equal protection violation. *Accord Cucciniello v. Keller*, 137 F.3d 721, 723 (2d Cir. 1998); *Robichaux v. Warden*, No. 95-30117, 1995 WL 696809, at *3 (5th Cir. Oct. 20, 1995); *Morgan v. Booker*, 2005 WL 1676896, at *3 (E.D. Ky. July 15, 2005).

**II.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## III.

It plainly appears from the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290